UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CARMEN ELECTRA,** | Case No.: 2:18-cv-1068 |
| Plaintiff, | |
| | Judge: |
| v. | |
| **SANDRON VENTURES CORPORATION d/b/a SINBADS** | |
| | **COMPLAINT AND JURY DEMAND** |
| and | |
| **L RONALD POLSTER d/b/a SINBADS** | |
| Defendants. | |

Plaintiff Carmen Electra, by and through her attorneys, BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C., hereby submits her Complaint and Jury Demand against Defendants, Sandron Ventures Corporation and L. Ronald Polster and alleges and avers as follows:

## INTRODUCTION

1. This is an action for damages and other relief arising from the misappropriation, misuse, and alteration of Plaintiff's images by Defendants in order to promote their strip club, Sinbad's (also known as Sinbad's Show Bar).

2. In an effort to drive traffic and economic and commercial benefits to Sinbad's, Defendants post pictures of women on their social media platforms, including on Sinbad's Facebook and Instagram pages.

3. To promote Sinbad's, and in furtherance of Defendants' commercial benefit, Defendants repeatedly posted and then maintained on Sinbad's Facebook and Instagram pages, images of Plaintiff, altered to connect her to and associate her with Sinbad's and its events and

activities. Such actions created a false impression that Plaintiff worked at or was affiliated with Sinbad's, would appear at Sinbad's events, and/or endorsed Sinbad's and its events and activities.

4. Upon information and belief, Defendants' use of Plaintiff's images drove customers, business, and revenue to Sinbad's.

5. Plaintiff, however, is not nor has she ever been employed by Sinbad's, she does not strip or dance at Sinbad's, she does not affiliate herself in any way with Sinbad's or endorse its promotional activities and events.

6. Defendants did not have Plaintiff's permission to use her image or likeness and never asked Plaintiff for permission to use her image or likeness.

7. Defendants have not compensated Plaintiff for the use of her image or likeness for commercial or any other purpose.

8. Defendants knew that their use of Plaintiff's image and likeness was unauthorized, and knew that their use of Plaintiff's image would cause consumer confusion as to Plaintiff's sponsorship, approval of, affiliation with, association with, and/or employment at Sinbad's.

9. Defendants' unauthorized use of Plaintiff's image, likeness, and/or identity, as described herein, violated Plaintiff's common law right of privacy by appropriation, the Ohio Deceptive Trade Practices Act (O.R.C. § 4165.02(A)(2) and (3)), and the Lanham Act (15 U.S.C. § 1125(a)), and unjustly enriched Defendants.

10. Plaintiff's claims seek compensatory damages, Defendants' profits that are attributable to their unlawful use of Plaintiff's image, likeness, and identity, treble damages,

punitive damages, attorney's fees, injunctive relief, and other such relief as would be fair and just to remedy Defendants' unlawful acts, and to ensure that no such violations occur in the future.

## PARTIES

11. Plaintiff Carmen Electra is an internationally known iconic and recognizable talent, actor, model, television personality, and businesswoman, residing in Los Angeles County, California.

12. Defendant Sandron Ventures Corporation d/b/a Sinbad's is an Ohio corporation, with a principal place of business in Franklin County, located at 1962 Lake Club Drive, Columbus, Ohio 43219.

13. Defendant L Ronald Polster is a resident and citizen of Franklin County Ohio. Mr. Polster is the Agent, Registrant, and/or Incorporator of Sandron Ventures Corporation. At all times relevant to this Complaint, the Trade Name "Sinbads" was registered with the Ohio Secretary of State to Mr. Polster.

## JURISDICTION AND VENUE

14. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy, excluding interest and costs, exceeds $75,000.

15. This Court has subject-matter jurisdiction over Plaintiff's claims that arise under 15 U.S.C. § 1125(a)(1) (The Lanham Act) based upon 28 U.S.C. § 1331.

16. Because this Court has original jurisdiction over Plaintiff's Lanham Act claim, The Court also has supplemental jurisdiction over Plaintiff's state law claims based on 28 U.S.C.

§ 1367, as they are so related to Plaintiff's Lanham Act claim that they form part of the same case or controversy.

17. The Court has personal jurisdiction over Defendants by virtue of their presence, residence, incorporation, operation, and regular and systematic contacts in Ohio.

18. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because Defendants reside in this district, this district is where a substantial part of the events or omissions giving rise to the claims stated herein occurred, and Defendants are subject to personal jurisdiction in this venue.

## GENERAL ALLEGATIONS

### *Defendants' Use of Website and Social Media Platforms for Marketing*

19. Defendants coordinate or are otherwise responsible for the advertising, marketing, and promotional activities for Sinbad's through, among other things, active and dynamic use of Sinbad's website and various coordinated social media promotions through Facebook and Instagram ("social media sites"), among others.

20. Defendants' social media following is substantial, with 1,025 followers on Instagram alone.

21. Defendants' advertising, marketing, and promotional activities on social media sites are publically accessible through the World Wide Web.

22. At all times relevant to this Complaint, Defendants had actual and exclusive control over the contents contained within and/or displayed on each of their marketing channels.

23. Upon information and belief, Defendants managed, operated and/or controlled a "Facebook page" (previously accessible via the URL: https://www.facebook.com/oursinbads) through which it promoted, endorsed, and marketed its business, solicited customers, and

4

advertised events for Sinbad's, particularly through the use of images of women in various stages of undress. Upon information and belief, Defendants deleted their Facebook page within the last 12 months.

24. Defendants have at all times relevant to this Complaint exercised actual control over the contents displayed on their Facebook page through their own personal acts of posting items on the Facebook page, or by expressly permitting and condoning another person(s)' act of posting items on the Facebook page.

25. Upon information and belief, Defendants manage, operate and/or control an "Instagram account" (accessible via the URL: https://www.instagram.com/sinbadsbar/) through which they promote, endorse, and market their business, solicit customers, and advertise events for Sinbad's, particularly through the use of images of women in various stages of undress.

26. Defendants have at all times relevant to this Complaint exercised actual control over the contents displayed on their Instagram account through their own personal acts of posting items on the account, or by expressly permitting and condoning another person(s)' act of posting items on the Instagram account.

27. Defendants have used Plaintiff's image and likeness in advertisements and marketing displays on Defendants' social media accounts to generate additional revenue, increase sales, and promote Sinbad's.

### *Plaintiff Is A Professional Models and Her Image Is Commercially Valuable*

28. Plaintiff, at all times relevant to the claims herein, is a professional model, actress, recording artist, television personality, and businesswoman who earns her living by, *inter alia,* acting, modeling, and selling her image to companies and individuals for the advertisement of products and services.

29. To make her living, Plaintiff must, *inter alia,* promote her image and likeness to select clients, companies, commercial brands, media, social media, and entertainment outlets for the advertisement of products and services. She must also promote her own reputation and brand for modeling, acting, hosting, and other opportunities.

30. Plaintiff's career in modeling, acting, and private enterprise has value stemming from the goodwill and reputation she has built, all of which are critical to establishing a brand, being selected for jobs, and maximizing earnings.

31. Plaintiff commands substantial sums of money for the licensed commercial use of her image and likeness.

32. A model's reputation directly impacts the commercial value associated with the use of one's image, likeness, or identity to promote a product or service.

33. Plaintiff is a professional model in the ordinary course. Plaintiff seeks to control the commercial use and dissemination of her image and, thus, actively participates in vetting and selecting modeling, acting, advertising, brand spokesperson, or hosting engagements.

34. In the modeling industry, reputation is critical; endorsing, promoting, advertising or marketing the "wrong" product, brand, business, or service, or working in a disreputable industry, can severely impact a model's career by limiting or foreclosing future modeling or brand endorsement opportunities.

35. Conversely, association with high-end companies, products, or magazines can enhance and amplify a model's earning potential and career opportunities by making a model more sought after and desirable.

36. As set forth below, Plaintiff's image, likeness, and/or identity has been misappropriated and intentionally altered by or at the direction of Defendants, for use in their online marketing scheme designed to promote Sinbad's.

37. At no point has Plaintiff authorized, consented to, or otherwise agreed to Defendants' use of her image, likeness, and/or identity.

## THE MISAPPROPRIATED IMAGES

38. Defendants posted Plaintiff's image and likeness on Sinbad's Facebook page on August 7, 2015, April 29, 2016, July 29, 2016, August 5, 2016, August 12, 2016, and twice on November 4, 2016.

39. Defendants posted Plaintiff's image and likeness on Sinbad's Instagram page on August 7, 2015, August 28, 2015, April 16, 2016, April 29, 2016, August 5, 2016, September 16, 2016, October 7, 2016, twice on October 14, 2016, October 21, 2016, November 4, 2016, and December 12, 2016.

40. Defendants posted each of these images to advertise and promote Sinbad's and specials and/or events occurring at Sinbad's.

41. Attached as **Exhibit 1** are copies of Defendants' uses of Plaintiff's images and likeness, which is hereby incorporated by reference.

### *Defendants' Use of Plaintiff's Images Was Unauthorized, Misleading, Confusing, and Fraudulent*

42. Defendants used Plaintiff's image and likeness to attract clientele, promote Sinbad's, and generate revenue for Defendants.

43. Defendants' use of Plaintiff's image and likeness, however, was unauthorized, misleading, confusing, and fraudulent.

7

44. Defendants' use and alteration of Plaintiff's image and likeness on Defendants' social media accounts for Sinbad's falsely implies that Plaintiff has worked for, endorsed, sponsored, approved of, or was otherwise associated or affiliated with Sinbad's and its activities.

45. Plaintiff has never been employed by Defendants or contracted with Defendants to participate in events at Sinbad's.

46. Plaintiff has never endorsed, sponsored, approved of, otherwise associated, or affiliated herself with Defendants, Sinbad's, or Sinbad's activities.

47. Plaintiff never gave permission, or assigned, licensed, or otherwise consented to Defendants' use or alteration of her image, likeness, or identity to advertise, promote, market or endorse Sinbad's.

48. Defendants have never contacted Plaintiff, either directly or indirectly, to request permission to use Plaintiff's image, likeness, or identity to advertise, promote, market or endorse Sinbad's.

49. Defendants never hired or contracted with Plaintiff to advertise, promote, market or endorse Sinbad's or its activities.

50. Defendants neither offered nor paid any remuneration to Plaintiff for the unauthorized use of her image, likeness, or identity.

51. Indeed, Plaintiff only recently learned of Defendants' unauthorized use of her misappropriated images.

## FIRST CAUSE OF ACTION

### Invasion of Privacy by Appropriation

52. Plaintiff incorporates by reference, as if fully rewritten herein, the allegations previously set forth, and further allege as follows.

53. Ohio recognizes a common law right of publicity whereby Plaintiff holds the exclusive right to control the use of her image and likeness.

54. Indeed, Ohio law provides that one who appropriates to his own benefit the image or likeness of another is subject to liability to the other for invasion of privacy.

55. As demonstrated above, Defendants published, printed, displayed, and/or otherwise publically used Plaintiff's image, likeness, and identity on its social media outlets for the purposes of trade and/or commercial advertising, including, but not limited to, promoting, advertising, and marketing Sinbad's and Sinbad's events and activities.

56. Plaintiff's face and body are clearly lighted and readily identifiable and distinguishable in the images Defendants used.

57. Plaintiff never consented to, authorized, or otherwise permitted Defendants' use of her image, likeness, or identity for any purpose. Rather, Defendants misappropriated Plaintiff's image in a clandestine fashion without Plaintiff's knowledge and without even attempting to acquire Plaintiff's permission.

58. Defendants acted intentionally by selecting Plaintiff's images and, knowing they did not have permission to use the images, posted the images to Defendants' social media platforms in an effort to market Sinbad's and its activities and events.

59. In the alternative, at a minimum, Defendants acted with reckless disregard to Plaintiff's legal rights by expressly permitting, allowing, or condoning the use of Plaintiff's images on its social media platforms for the purpose of marketing and advertising Sinbad's.

60. Defendants are in the adult entertainment business and knew or should have known of the standard negotiation process over the terms of use, conditions of release, licensing

issues, and other contractual incidences related to the use and exploitation of a professional model's image and likeness for Defendants' commercial benefit.

61. Nonetheless, Defendants circumvented the appropriate licensing and negotiating process, thereby avoiding payment to Plaintiff, the cost of a photoshoot, payments to Plaintiff's agents or agencies, and the cost of licensing, totaling a substantial sum of money and resulting in a windfall for Defendants.

62. As a direct and proximate result of Defendants' misappropriation of Plaintiff's images and likeness, Defendants have caused and will continue to cause irreparable harm to Plaintiff, her reputation, and brand, by attributing to Plaintiff her involvement with strip clubs, nude and/or partially nude entertainment, and Plaintiff's sponsorship, approval, affiliation, connection, or association with such activities and establishments, including Sinbad's.

63. As a direct and proximate result of Defendants' misappropriation of Plaintiff's image and likenesses, Defendants have damaged Plaintiff by failing to compensate her for the value of each misappropriated use of her likeness.

64. As a direct and proximate result of Defendants' misappropriation of Plaintiff's images and likeness, Defendants have earned and withheld profits attributable directly or indirectly to the unlawful use of Plaintiff's images, entitling Plaintiff to a disgorgement of those ill-gotten gains.

65. As alleged in this Complaint, Defendants' actions demonstrate malice or aggravated or egregious fraud, and/or a flagrant disregard of Plaintiff's rights, so as to warrant the imposition of punitive damages.

## SECOND CAUSE OF ACTION

### Unjust Enrichment

66. Plaintiff incorporates by reference, as if fully rewritten herein, the allegations previously set forth, and further alleges as follows.

67. As previously alleged, Defendants used Plaintiff's misappropriated images and likeness to advertise and promote Sinbad's and its activities, thereby driving customers, business, and revenue to Defendants and Sinbad's. Accordingly, Plaintiff conferred a benefit on Defendants.

68. Defendants knew that it benefited from the use of Plaintiff's images as is evident from the fact that Defendants repeatedly posted Plaintiff's image to promote and advertise Sinbad's and its activities.

69. Nonetheless, although Defendants are in the adult entertainment business and knew or should have known of the standard negotiation process over the terms of use, conditions of release, licensing issues, and other contractual incidences related to use and exploitation of a professional model's image and likeness for Defendants' commercial benefit, Defendants retained the benefits of using Plaintiff's images and likeness without compensating Plaintiff.

70. Moreover, Defendants circumvented the appropriate licensing and negotiating process, thereby avoiding payment to Plaintiff, the cost of a photoshoot, payments to Plaintiff's agents or agencies, and the cost of licensing, totaling a substantial sum of money and resulting in a windfall for Defendants.

71. As a direct and proximate result of the benefit Plaintiff conferred on Defendants, Defendants have earned and withheld profits attributable directly or indirectly to the unlawful

11

use of Plaintiff's images, entitling Plaintiff to a disgorgement of those ill-gotten gains as remuneration.

## THIRD CAUSE OF ACTION

**Violation of the Ohio Deceptive Trade Practices Act, O.R.C. § 4165.02(A)(2) and (3)**

72. Plaintiff incorporates by reference, as if fully rewritten herein, the allegations previously set forth, and further alleges as follows.

73. Defendants are "persons" within the meaning of O.R.C. § 4165.01(D).

74. Plaintiff is a "person" within the meaning of O.R.C. § 4165.01(D).

75. In violation of O.R.C. § 4165.02(A), Defendants engaged in deceptive trade practices in the course of their business by misappropriating Plaintiff's images and using such images without authorization on their social media platforms in such a way that causes likelihood of confusion or misunderstanding as to Plaintiff's sponsorship, approval, affiliation, connection, and/or association with Defendants, Sinbad's, and Sinbad's activities.

76. Indeed, as described above, Defendants' use of Plaintiff's images and likeness represents to the public that Plaintiff works for, sponsors, approves of, or is affiliated, connected, or otherwise associated with Defendants, Sinbad's, and Sinbad's activities.

77. Defendants' advertisements, promotions, and publications using Plaintiff's images and likenesses, however are false, misleading, confusing, and fraudulent. Plaintiff does not work for and neither sponsors nor approves of Defendants, Sinbad's, or Sinbad's activities, nor is Plaintiff affiliated, connected, or otherwise associated with Defendants, Sinbad's, or Sinbad's activities.

78. Plaintiff never consented to, authorized, or otherwise permitted Defendants' use of her image, likeness, or identity for any purpose. Rather, Defendants misappropriated

Plaintiff's image in a clandestine fashion without Plaintiff's knowledge and without even attempting to acquire Plaintiff's permission.

79. Defendants acted intentionally by selecting Plaintiff's images and, knowing they did not have permission to use the images, posted the images to Defendants' social media platforms in an effort to market Sinbad's and its activities and events.

80. In the alternative, at a minimum, Defendants acted with reckless disregard to Plaintiff's legal rights by expressly permitting, allowing, or condoning the use of Plaintiff's images on its social media platforms for the purpose of marketing and advertising Sinbad's.

81. Defendants are in the adult entertainment business and knew or should have known of the standard negotiation process over the terms of use, conditions of release, licensing issues, and other contractual incidences related to the use and exploitation of a professional model's image and likeness for Defendants' commercial benefit.

82. Nonetheless, Defendants circumvented the appropriate licensing and negotiating process, thereby avoiding payment to Plaintiff, the cost of a photoshoot, payments to Plaintiff's agents or agencies, and the cost of licensing, totaling a substantial sum of money and resulting in a windfall for Defendants.

83. Upon information and belief, as a direct and proximate result of Defendants' deceptive trade practices, members of the public were deceived into believing that Plaintiff worked for, sponsored, approved of, or was affiliated, connected, or otherwise associated with Defendants, Sinbad's, and/or Sinbad's activities, resulting in increased patronage to Sinbad's, increased business, and increased profits for Defendants.

84. As a direct and proximate result of Defendants' deceptive trade practices, Defendants have caused and will continue to cause irreparable harm to Plaintiff, her reputation,

and brand, by attributing to Plaintiff her involvement with strip clubs, nude and/or partially nude entertainment, and Plaintiff's sponsorship, approval, affiliation, connection, or association with such activities and establishments, including Sinbad's.

85. As a direct and proximate result of Defendants' deceptive trade practices, Defendants have damaged Plaintiff by failing to compensate her for the value of each misappropriated use of her likeness.

86. As a direct and proximate result of Defendants' deceptive trade practices, Defendants have earned and withheld profits attributable directly or indirectly to the unlawful use of Plaintiff's images, entitling Plaintiff to a disgorgement of those ill-gotten gains.

## FOURTH CAUSE OF ACTION

### Violation of the Lanham Act, 15 U.S.C. § 1125(a)

87. Plaintiff incorporates by reference, as if fully rewritten herein, the allegations previously set forth, and further alleges as follows.

88. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), applies to Defendants.

89. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), protects Plaintiff from the Defendants' conduct described herein.

90. Defendants used Plaintiff's images, likeness, and/or identity as described herein without authority in order to, *inter alia*, create the perception that Plaintiff worked at, endorsed, or was otherwise affiliated with Sinbad's and its business activities and/or that Plaintiff consented to or authorized Defendants or Sinbad's to use her images in order to advertise, promote, and market Sinbad's and Defendants' business activities.

91. Defendants' use and alteration of Plaintiff's images, likeness, and/or identity to advertise, promote, and market Defendants' business, Sinbad's, and/or Sinbad's events and

activities as described in this Complaint was false and misleading and a misrepresentation of fact.

92. Defendants' unauthorized use and alteration of Plaintiff's images, likeness, and/or identity as described in this Complaint constitutes false advertising by suggesting or implying, *inter alia*, that (1) Plaintiff worked at, endorsed, or was otherwise affiliated with Defendants, Sinbad's, and/or Sinbad's activities, (2) Plaintiff consented to or authorized Defendants or Sinbad's to use her images in order to advertise, promote, and market Defendants' business, Sinbad's and/or their business activities, and/or (3) Plaintiff would participate in or appear at the specific events promoted in Defendants' advertisements and promotions.

93. Defendants' false advertising described above has the capacity or tendency to confuse or deceive consumers, including actual and prospective patrons to Sinbad's, as to the general quality of attendees and participants at Sinbad's and in its events, as well as specifically whether Plaintiff worked or would appear in person at, endorsed, sponsored, or approved of, or was otherwise affiliated or associated with Defendants' business, Sinbad's, and/or Sinbad's events or activities.

94. Upon information and belief, Defendants' false and deceptive advertising described above did, in fact, deceive and/or cause consumer confusion as to whether Plaintiff worked or would appear in person at, endorsed, sponsored, or approved of, or was otherwise affiliated or associated with Defendants' business, Sinbad's, and/or Sinbad's events or activities.

95. Among other things, upon information and belief, such unauthorized use and alteration of Plaintiff's images and likeness misled and served to entice consumers and prospective consumers to visit Sinbad's and participate in and attend events at Sinbad's and

thereby had a material effect and impact on the decision of patrons and prospective patrons to visit Defendants' business establishment.

96. Defendants' advertisements, promotions, and marketing of Sinbad's and its events occur in and are targeted to interstate commerce. Specifically, Defendants promote their business and events through interstate promotions and campaigns to target persons from several different states across the United States. Defendants principally use the World Wide Web, social media, and other vehicles of interstate commerce to advertise, market, promote, and entice or lure traffic and patronage to its establishment.

97. Defendants' unauthorized use of Plaintiff's images, likeness, and/or identity as described herein was designed to benefit Defendants' commercial and business interests by, among other things, promoting Sinbad's and its activities and attracting clientele to Sinbad's, thereby generating revenue for Defendants to the detriment of Plaintiff.

98. Defendants knew or should have known that its unauthorized use of Plaintiff's images, likeness, and/or identity would cause consumer confusion as described in this Complaint.

99. Defendants' unauthorized use and alteration of Plaintiff's images, likeness, and/or identity, as described herein violates 15 U.S.C. §1125(a), and was wrongful.

100. Defendants' wrongful conduct as described herein was willful.

101. Defendants had actual or constructive knowledge of the wrongfulness of their conduct, acted with intent to deprive Plaintiff of her interests and rights, and further acted with actual or constructive knowledge of the high probability that injury or damage would result to Plaintiff.

102. The method and manner in which Defendants used and altered Plaintiff's images further evinces that Defendants were aware of and/or consciously disregarded the fact that Plaintiff did not consent to Defendants' use of her images to advertise Defendants' business.

103. As a direct and proximate result of Defendants' use and alteration of Plaintiff's images and likeness, Defendants have caused and will continue to cause irreparable harm and damage to Plaintiff, her reputation, and brand by attributing to Plaintiff her involvement with or endorsement of Sinbad's strip club and Plaintiff's association with events and activities relating thereto.

104. As a direct and proximate result of Defendants' use and alteration of Plaintiff's images and likeness, Defendants have also damaged Plaintiff by failing to compensate her for such use, thereby entitling Plaintiff to recover in money damages the actual and fair market value of each misappropriated use of her image and likeness in an amount to be established by proof at trial.

105. As a direct and proximate result of Defendants' conduct as alleged herein, Defendants have earned and withheld profits attributable directly or indirectly to the unlawful use of Plaintiff's images, entitling Plaintiff to disgorgement of those ill-gotten gains in an amount to be established by proof at trial.

106. Defendants' conduct was purposeful and malicious in that Defendants knowingly violated Plaintiff's rights solely to benefit their business, increase profits, and avoid paying money to legally acquire the right to commercially use Plaintiff's images, and consequently, exceptional relief is warranted pursuant to 15 U.S.C. §§ 1116 and 1117(a), entitling Plaintiff to treble damages and reasonable attorneys' fees.

## **PRAYOR FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants in amounts to be determined at trial, as follows:

1. Compensatory damages for in an amount in excess of the jurisdictional limits of this Court;

2. Disgorgement of profits attributable to Defendants' misappropriation of Plaintiff's images and likeness;

3. Treble damages;

4. Punitive damages;

5. Attorneys' fees and costs;

6. Pre and post judgment interest;

7. Injunctive relief, requiring Defendants to remove Plaintiff's misappropriated images from their social media accounts and enjoining Defendants from using Plaintiff's images in the future without authorization; and

8. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ David C. Harman
David C. Harman (0087882)
**BURG SIMPSON**
**ELDREDGE HERSH & JARDINE P.C.**
312 Walnut St., Suite 2090
Cincinnati, OH 45202
Phone: (513) 852-5600
Fax: (513) 852-5611
Email: dharman@burgsimpson.com

*Attorney for Plaintiff*

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ David C. Harman
David C. Harman (0087882)
